UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRANCE FLETCHER,<br>    SID # 679425,<br>         **Plaintiff** | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action<br>No. SA-10-CA-461-OG |
| BEXAR COUNTY DISTRICT<br>    ATTORNEY'S OFFICE,<br>SAN ANTONIO POLICE DEPARTMENT,<br>SAN ANTONIO EXPRESS NEWS,<br>ALFRED CRUZ,<br>J. GARCIA,<br>AMADEO ORTIZ,<br>         **Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**SHOW CAUSE ORDER**

Before the Court is Plaintiff Terrance Fletcher's 42 U.S.C. § 1983 civil rights complaint. Plaintiff alleges on August 31, 2009, he was put on television for an alleged crime he did not commit. Plaintiff contends Defendant Bexar County District Attorney, Susan Reed, violated Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. He claims Defendant Alfred Cruz, a San Antonio police officer, filed a false police report. Plaintiff asserts Defendant Garcia falsified investigative reports. He contends Defendant San Antonio Express News printed misleading information and slandered and libeled him. Plaintiff alleges Defendant Amadeo Ortiz, Bexar County Sheriff, is illegally restraining and detaining Plaintiff. Plaintiff states he is in jail and his case is still pending.

Title 28 U.S.C. § 1915(e)(2)(B)(I)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

All of Plaintiff's claims are conclusory. He does not allege facts that would show his constitutional rights were violated by the Defendants.

Plaintiff shall state whether he was charged with criminal offenses relating to this incident, and, if so, the offense he was charged with, the case number and place of the proceeding, and the result of that proceeding (i.e., whether the charges are still pending; whether Plaintiff was found not guilty or guilty or were the charges dismissed; and what was the punishment, if any).

In *Heck v. Humphrey*, 512 U.S. 477, 86-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

> called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Thus, whether Plaintiff's case may proceed may depend on whether there have been criminal charges, the nature of any such charges, and the disposition of any such charges.

Plaintiff does not allege how the San Antonio Police Department violated his civil rights. To establish liability on the part of a county, a plaintiff must allege a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff has failed to allege a policy or custom as a basis for liability against the San Antonio Police Department.

Plaintiff does not assert facts that would show the reports prepared by Defendants Cruz and Garcia were false and he does not allege how Defendants knew they were false. Plaintiff does not state whether he was indicted on these charges. In *Smith v. Gonzalez*, 670 F. 2d 522, 524 (5th Cir. 1982), the Fifth Circuit held "if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party." *See also Rodriguez v. Ritchey*, 556 F. 2d 1185, 1190-1191 (5th Cir. 1982).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State." *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). Plaintiff has not alleged facts showing Defendant San Antonio Express News was a state actor subject to suit in a § 1983 action.

In a § 1983 civil rights action, a plaintiff must allege facts that would show the defendants were personally involved in the actions he complains of, or were responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because he employs a tortfeasor. *Id.* at 691. Here, Plaintiff does not allege how Defendant Reed was personally involved in the violation of Plaintiff's constitutional rights, and he does not allege how Defendant Reed was responsible for any policy or custom giving rise to a constitutional deprivation.

Also, a prosecutor in the role of an advocate is absolutely immune from liability. *See Burns v. Reed*, 500 U.S. 478, 492 (1991) (prosecutor's appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing were protected by absolute immunity); *Graves v. Hampton*, 1 F.3d 315 318 n.9 (5th Cir. 1993) ("A prosecutor is immune, however, even if accused of knowingly using perjured testimony"). Plaintiff does not allege facts that would show Defendant Reed acted in a role other than as an advocate.

Plaintiff alleges he is illegally detained by Defendant Amadeo Ortiz, but Plaintiff does not allege facts and his claim is conclusory. Additionally, injunctive and declaratory relief are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973), the Supreme Court held that where an inmate seeks release from confinement the inmate's sole remedy is through a writ of habeas corpus. Moreover, this Court does not construe the pleading as a 28 U.S.C. § 2241 habeas corpus petition. If Plaintiff's state criminal charges are still pending, the

federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case. *See Younger v. Harris*, 401 U.S. 37, 41, 53-54 (1971). Also, it is not clear Plaintiff has exhausted his state remedies, which must be done before filing a § 2241 petition. *Dickerson v. State of Louisiana*, 816 F. 2d 220, 225 (5th Cir. 1987).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.** If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**SIGNED** on June 15, 2010.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE